**Zachary Mushkatel**
Arizona Bar No. 023377
Mushkatel, Robbins & Becker, P.L.L.C.
15249 North 99th Avenue
Sun City, Arizona 85351
Tel: (623) 889-0691
Fax: (623) 974-4739
Email:  zach@phoenixlawteam.com

**Austin W. Anderson** *(Application for Pro Hac Vice Forthcoming)*
Texas Bar No. 24045189
austin@a2xlaw.com
**Clif Alexander** *(Application for Pro Hac Vice Forthcoming)*
Texas Bar No. 24064805
clif@a2xlaw.com
**Lauren E. Braddy** *(Application for Pro Hac Vice Forthcoming)*
Texas Bar No. 24071993
lauren@a2xlaw.com
**Anderson2X, PLLC**
819 North Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Fax: (361) 452-1284

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| CHARLES TAYLOR, Individually and on behalf of all others similarly situated, | § § § § | No. |
| *Plaintiff,* | § § § | |
| vs. | § § | **COMPLAINT** |
| REPUBLIC SERVICES, INC., | § § | |
| *Defendant.* | § § § | |

Plaintiff Charles Taylor, individually and on behalf of all opt-in plaintiffs and others similarly situated, ("Plaintiffs") hereby alleges as follows:

1.     Plaintiff Taylor was employed as a non-exempt waste disposal driver at Republic's San Antonio, Texas waste disposal facility from approximately May 1, 2013 until December 1, 2015. Plaintiff Taylor brings this action individually and on behalf of all other similarly situated non-exempt waste disposal drivers ("Putative Class Members") employed by Republic throughout the United States during the preceding three years and through the final disposition of this matter.

2.     The FLSA is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its purposes, the FLSA requires three things.

3.     First, the FLSA requires payment of minimum wages. 29 U.S.C. § 206(a). Second, the FLSA requires overtime pay for covered employers whose employees work in excess of 40 hours per workweek.  29 U.S.C. 207(a). And third, the FLSA establishes minimum recordkeeping requirements for covered employers. 29 U.S.C. § 211(a); 29 U.S.C § 516.2(a)(7); *see also Anderson v. Mt. Clemens Pottery Co.*, 380 U.S. 680 (1946).

4.     Plaintiffs and the Putative Class Members allege that Republic failed to pay the proper amount of overtime in accordance with the FLSA for the three-year period preceding the filing of this complaint and through the final disposition of this matter. Republic's violations are described as follows.

5.     Republic violated and continues to violate the FLSA by failing to pay their waste disposal drivers across the United States, including Plaintiffs and the Putative Class

Members, time and one-half for each hour worked in excess of 40 hours per workweek as is required by the FLSA. Further, Republic has improperly calculated Plaintiffs and the Putative Class Members' regular rate resulting in further miscalculation of Plaintiffs and the Putative Class Members' overtime pay. Plaintiffs and the Putative Class Members should have received overtime compensation at a rate not less than one and one-half times their true regular rate as is required by the FLSA.

6.     Republic violated and continues to violate the FLSA by permitting and encouraging waste disposal drivers across the United States, including Plaintiffs and the Putative Class Members, to perform pre-trip and post-trip work duties "off-the-clock"— that is, work without pay.

7.     Moreover, Republic violated and continues to violate the FLSA by automatically deducting 30-minute meal periods from Plaintiffs and the Putative Class Members' daily hours worked, despite knowing that Plaintiffs and the Putative Class Members routinely worked (and continue to work) throughout their designated 30-minute meal periods each day.

**PARTIES AND PERSONAL JURISDICTION**

8.     Plaintiff Charles Taylor ("Taylor") is an individual residing in San Antonio, Bexar County, Texas and worked at Republic's San Antonio, Texas facility. Plaintiff Taylor's written consent to be a party plaintiff in this action is attached hereto as Exhibit "A."

9.      Plaintiff Salvador Arias ("Arias") is an individual residing in Houston and worked at one of Republic's Houston, Texas facilities.  Plaintiff Arias' written consent to be a party plaintiff in this action is attached hereto as Exhibit "B."

10.     Plaintiff Carlos Gallegos ("Gallegos") is an individual residing in Corpus Christi, Texas and worked at Republic's Corpus Christi, Texas facility. Plaintiff Gallegos' written consent to be a party plaintiff in this action is attached hereto as Exhibit "C."

11.     Plaintiff John Paul Johnson ("Johnson") is an individual residing in Deer Park, Texas and worked at one of Republic's Houston, Texas facilities. Plaintiff Johnson's written consent to be a party plaintiff in this action is attached hereto as Exhibit "D."

12.     Plaintiff Ronald Matthews ("Matthews") is an individual residing in Houston, Texas and worked at one of Republic's Houston, Texas facility. Plaintiff Matthews' written consent to be a party plaintiff in this action is attached hereto as Exhibit "E."

13.     Plaintiff Jonathan Naranjo ("Naranjo") is an individual residing in Houston, Texas and worked at one of Republic's Houston, Texas facilities. Plaintiff Naranjo's written consent to be a party plaintiff in this action is attached hereto as Exhibit "F."

14.     Plaintiff John Ochoa ("Ochoa") is an individual residing in Buda, Texas and worked at Republic's Austin, Texas facility. Plaintiff Ochoa's written consent to be a party plaintiff in this action is attached hereto as Exhibit "G."

4

15.     Plaintiff Saul Ornelas ("Ornelas") is an individual residing in Edinburg, Texas and worked at one of Republic's Rio Grande Valley facilities. Plaintiff Ornelas' written consent to be a party plaintiff in this action is attached hereto as Exhibit "H."

16.     Plaintiff Paul Moore ("Moore") is an individual residing in Missouri City, Texas and worked at one of Republic's Houston, Texas facilities. Plaintiff Moore's written consent to be a party plaintiff in this action is attached hereto as Exhibit "I."

17.     Plaintiff Lamont Randle ("Randle") is an individual residing in Maynard, Texas, and worked at one of Republic's Houston, Texas facilities. Plaintiff Randle's written consent to be a party plaintiff in this action is attached hereto as Exhibit "J."

18.     Plaintiff Lamar Young ("Young") is an individual residing in Groves, Texas and worked at one of Republic's Rio Grande Valley, Texas facilities. Plaintiff Young's written consent to be a party plaintiff in this action is attached hereto as Exhibit "K."

19.     Plaintiff Paul Wells ("Wells") is an individual residing in Round Rock, Texas and worked at Republic's Austin, Texas facility.  Plaintiff Wells' written consent to be a party plaintiff in this action is attached hereto as Exhibit "L."

20.     The Putative Class Members represent all of Republic's non-exempt current and former waste disposal drivers throughout the United States who performed the same or similar work as Plaintiff Taylor and the opt-in plaintiffs named above, and were subjected to the same or similar payment policies as Plaintiff Taylor and the opt-in plaintiffs named above, during the past three years and through the final disposition of this matter.

21.     Defendant Republic Services, Inc. ("Republic") is a for-profit corporation incorporated in the State of Delaware. Republic's corporate headquarters and principal place of business is located in Phoenix, Arizona. Specifically, Republic's corporate headquarters are located at 18500 North Allied Way, Phoenix, Arizona 85054. Republic may be served through its registered agent for service of process: **CT Corporation System, 3800 N. Central Avenue, Suite 460, Phoenix, Arizona 85012.**

22.     Republic is a covered employer under the FLSA and acted as such in relation to Plaintiffs and the Putative Class Members at all relevant and material times discussed herein.

23.     This Court has personal jurisdiction over Republic because Republic's corporate headquarters and principal place of business is located in Phoenix, Arizona, which is located in this District and Division

**<u>SUBJECT MATTER JURISDICTION AND VENUE</u>**

24.     This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

25.     Venue is proper in the District of Arizona, Phoenix Division, because all or a substantial part of the acts, omissions and events giving rise to this action occurred in the District of Arizona, Phoenix Division.

26.     Specifically, and upon information and belief, personnel from Republic's, corporate and regional offices conduct management meetings by telephone with local managers of Defendants' waste disposal facilities throughout the United States.

27.     Upon further information and belief, personnel from Republic's corporate and regional offices make or have made periodic and routine visits to Republic's waste disposal facilities throughout the United States to audit each facility's performance and profitability, while also requiring that changes or corrective actions be taken following an audit.

28.     Upon further information and belief, personnel from Republic's corporate and regional offices have ultimate management and control of payroll and payroll information systems and all other database and information systems that track the productivity of waste disposal drivers such as Plaintiffs and the Putative Class Members throughout the United States.

29.     Upon further information and belief, personnel from Republic's corporate offices have ultimate management and control of the policy to automatically deduct 30 minutes per day for meal periods.

30.     And finally, upon information and belief, Republic's corporate and regional offices and the personnel located therein review and authorize the implementation, changes and components of "Incentive Pay Plan" compensation for waste disposal drivers such as Plaintiffs and the Putative Class Members at Republic's waste disposal facilities throughout the United States.

**FLSA COVERAGE**

31.     At all material times, Republic has been an employer within the meaning of section 203(d) of the FLSA, which is defined to include any person acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. § 203(d).

7

32.     At all material times, Republic has been an enterprise in commerce or in the production of goods for commerce within the meaning of section 203(s)(l) of the FLSA because Republic has had and continues to have employees engaged in interstate commerce. 29 U.S.C. § 203(s)(1).

33.     At all material times, Plaintiffs and the Putative Class Members are or were employees who engaged in commerce or in the production of goods for commerce as required by sections 206 and 207 of the FLSA. 29 U.S.C. §§ 206-207.

34.     At all material times, Republic has had, and continues to have, an annual gross business volume in excess of the statutory minimum of $500,000.00. 29 U.S.C. § 203(s)(1).

## **STATEMENT OF FACTS**

**Republic's Corporate Relationship**

35.     Republic provides waste collection and disposal services to its customers throughout the United States.

36.     As it relates to certain allegations advanced in this complaint, an overview of Republic's corporate history and structure is not only necessary but instructive.

37.     Browning-Ferris Industries, Inc., commonly known to the world as BFI, has operated waste disposal facilities throughout the State of Arizona and the United States for many years.

38.     In 1999, Allied Waste acquired BFI's waste disposal facilities throughout the United States.

39.    Prior to the filing of this action, Republic (including its affiliates or subsidiary companies) acquired (or organized) numerous other waste disposal companies doing business throughout the State of Arizona and the United States. Today, along with Republic, these companies employ waste disposal drivers such as Plaintiffs and the Putative Class Members and conduct waste disposal operations throughout the State of Arizona and the United States.

40.    Today, Republic conducts its waste disposal business throughout the United States.

41.    Republic and its affiliates and/or subsidiaries, hold themselves out to the general public as one company—Republic Services, Inc. Prior to 2016, Republic organized itself into three geographic regions in the United States: East, Central and West.

42.    Republic's organization allows it to provide collection, transfer, recycling and landfill waste services nationwide. Republic's structure allows it to fully integrate operations within each region and area, allowing for a top-down operating strategy. This organization also allows Republic to minimize administrative and personnel costs by collapsing and consolidating job duties into fewer managerial and administrative positions. Ultimately, this structure, with fewer administration and upper management personnel, allows for a more streamlined managerial decision-making.

43.    Upon information and belief, Republic shares employees, has common management, pools resources, is affiliated and operates out of the same headquarters and/or regional headquarters. Republic advertises through one website, provides the same

9

type of service to its customers, and shares a common business model. Part of the common business model is the overtime wage violations made the basis of this complaint.

44.     Republic, and its subsidiaries throughout the United States, have an interrelation of operations, centralized control of labor relations, common control over business operations, and a common business purpose to provide their customers with commercial, industrial and residential waste collection services.

45.     At all times relevant herein, and upon information and belief, Republic and its subsidiaries were (and continue to be) joint employers and/or a single enterprise within the meaning of 29 U.S.C. §§ 203(r) and 207(b), as they have an interrelation of operations, common business purpose and activities, common management, common control of labor relations, and common ownership and financial control.

**Plaintiffs and the Putative Class Members are (or were) Waste Disposal Drivers for Republic**

46.     Republic has residential, commercial, and industrial lines of business that employ waste disposal drivers throughout the United States (the industrial division is also known as the "roll off" division; the commercial division is also known as the "front load" division).

47.     Republic's waste disposal drivers all collect, transport and dispose of waste.

48.     Republic's waste disposal drivers are or were non-exempt employees under the FLSA.

49.     Plaintiffs and the Putative Class Members are (or were) non-exempt waste disposal drivers employed by Republic for the three-year period preceding the filing of this complaint and through the final disposition of this matter.

50.     Importantly, none of the FLSA exemptions relieving a covered employer (such as Republic) of the statutory duty to pay its employees overtime at one and one-half times the regular rate of pay apply to Plaintiffs or the Putative Class Members.

51.     Moreover, Plaintiffs and the Putative Class Members are similarly situated with respect to their job duties, their pay structure and, as set forth below, the policies of Republic resulting in the complained of FLSA violations throughout the United States.

**Republic did not (and does not) pay Plaintiffs and Putative Class Members the proper amount of overtime in accordance with the FLSA.**

52.     Plaintiffs and the Putative Class Members were (and are) required to work overtime hours when requested by Republic, and were (and are) subject to potential disciplinary action for refusing to work overtime.

53.     Plaintiffs and the Putative Class Members regularly worked (and continue to work) over forty (40) hours in a workweek as non-exempt waste disposal drivers.

54.     Plaintiffs and the Putative Class Members are compensated by what Republic defines as "Incentive Pay Plans." Republic's "Incentive Pay Plans" typically include combination pay of day rates, piece rates (lift rates, can pay, box pay, and/or zone pay) and hourly rates.

55.     Because Republic's Incentive Pay Plans are not in compliance with any recognized compensation schemes within the FLSA, and fail to compensate Plaintiffs and

the Putative Class members for all hours worked, they ultimately result in a miscalculation of Plaintiff and the Putative Class Members' regular rate of pay and resulting overtime compensation.

56.    Republic's calculation of Plaintiffs and the Putative Class Members' regular rate of pay does not comply with the FLSA.

57.    Republic failed to pay Plaintiffs and the Putative Class Members time and one-half of the regular rate for each hour worked over 40 hours in a workweek as is required by the FLSA.

58.    Plaintiffs and the Putative Class Members were subject to (and continue to be subject to) the same or substantially similar payment scheme, as described above.

**Republic did not (and does not) compensate Plaintiffs and the Putative Class Members for all overtime hours worked off the clock.**

59.    As part of their job responsibilities, Plaintiffs and the Putative Class members had (and continue to have) pre and post-trip responsibilities that they were (and are) required to perform at the beginning and end of each assigned work shift.

60.    Plaintiffs and the Putative Class Members' pre and post-trip responsibilities were (and continue to be) integral and indispensable to their core job duties.

61.    Plaintiffs and the Putative Class Members' pre and post-trip responsibilities were (and are) not *de minimis* in nature.

62.    Plaintiffs and the Putative Class Members from time to time performed (and continue to perform) their pre and post-trip responsibilities off the clock without pay in violation of the FLSA.

63.     Republic knew (and knows) and at times encouraged (and continues to encourage) Plaintiffs and the Putative Class Members to perform their pre and post-trip responsibilities "off-the-clock" and without pay in violation of the FLSA.

64.     Republic did not (and does not) compensate Plaintiffs and the Putative Class Members for the pre and post-trip responsibilities that they perform off the clock in violation of the FLSA.

65.     As a result of Republic's failure to compensate Plaintiffs and the Putative Class Members for performing their pre and post-trip responsibilities off the clock, Plaintiffs and the Putative Class Members worked (and continue to work) overtime hours for which they were (and are) not compensated in violation of the FLSA.

66.     Republic's failure to compensate Plaintiffs and the Putative Class Members for off-the-clock overtime hours violated (and continues to violate) the FLSA.

67.     Plaintiffs and the Putative Class Members were subjected to (and are subject to) the same or substantially similar policy, practice or scheme that encouraged them to perform their pre and post-trip responsibilities off the clock as described above.

**Republic's Policy of Deducting Meal Periods**

68.     Republic has a policy that waste disposal drivers such as Plaintiffs and Putative Class Members automatically have 30 minutes per day for a meal period deducted from his or her hours worked.

69.     Republic was (and continues to be) aware that Plaintiffs and the Putative Class Members regularly worked (and continue to work) through their 30-minute meal periods without pay in violation of the FLSA.

70.     When calculating Plaintiffs and the Putative Class Members' hours each pay period, Republic deducted (and continues to deduct) 30 minutes from Plaintiffs and the Putative Class Members' daily on-the-clock hours in violation of the FLSA.

71.     In other words, for each 5-day workweek, Republic deducted (and continues to deduct) a minimum of 2.5 hours from each workweek's total "on-the-clock" hours. For a 6-day workweek, Republics deducted (and continues to deduct) a minimum of 3 hours from each workweek's total "on-the-clock" hours.

72.     Republic's systematic deduction of the 30-minute meal period from Plaintiffs and the Putative Class Members' "on-the-clock" time resulted (and continues to result) in Plaintiffs and the Putative Class Members working overtime hours for which they were (and are) not compensated in violation of the FLSA.

73.     Republic's systematic deduction of the 30-minute meal period from actual hours worked in excess of 40 hours per workweek deprived (and continues to deprive) Plaintiffs and the Putative Class Members of the required and proper amount of overtime pay in violation of the FLSA.

## CAUSES OF ACTION

74.     Plaintiffs and the Putative Class Members incorporate by reference all paragraphs and allegations set forth in the statement of facts of this complaint as though fully and completely set forth herein.

75.    Republic has not maintained accurate compensatory time records for Plaintiffs and the Putative Class Members as required by the FLSA. 29 U.S.C. § 211(a); 29 U.S.C § 516.2(a)(7); *see also Anderson v. Mt. Clemens Pottery Co.*, 380 U.S. 680 (1946).

76.    This practice regularly resulted in the miscalculation of Plaintiffs and the Putative Class Members' 40-hour workweek. That is, Plaintiffs and the Putative Class Members routinely worked 40 hours (if not more) before Republic's time records indicated that Plaintiffs and the Putative Class Members had actually worked 40 hours in a given workweek.

77.    Consequently, these hours worked by Plaintiffs and the Putative Class members were often counted as straight time hours (under 40 hours), when they should have been counted as overtime hours (over 40 hours).

78.    Republic has violated and continues to violate the FLSA by failing to maintain accurate compensatory time records for Plaintiffs and the Putative Class Members.

79.    Republic has violated and continues to violate the FLSA by denying Plaintiffs and the Putative Class Members the correct amount of overtime pay for hours worked over 40 hours each workweek.

80.    Republic has violated and continues to violate the FLSA by denying Plaintiffs and the Putative Class Members the correct amount of overtime pay for performing their pre and post-trip responsibilities during hours worked over 40 hours each workweek.

81.    Republic has violated and continues to violate the FLSA by denying Plaintiffs and the Putative Class Members the correct amount of overtime pay by deducting 30-minute meal breaks from their "on-the-clock" time regardless of whether Plaintiffs and the Putative Class Members actually worked through that meal period.

82.    Republic paid (and continues to pay) Plaintiffs and the Putative Class Members pursuant to a method that does not comply with the FLSA which results in a gross miscalculation of the regular rate and underpayment of the required time-and-one-half overtime pay for each hour worked over 40 hours each workweek.

83.    Accordingly, Plaintiffs and the Putative Class Members bring this cause of action under section 216(b) of the FLSA, which allows these workers to recover all unpaid overtime compensation to which they are entitled, but have not been paid, for the 3-year period preceding the filing of this complaint and through the final disposition of this matter. 29 U.S.C. § 216(b).

84.    As set forth below, Plaintiffs and the Putative Class Members contend that Republic's conduct in violating the FLSA was (and continues to be) willful and in bad faith.

85.    Accordingly, Plaintiffs and the Putative Class Members seek recovery of all unpaid overtime compensation to which they are entitled, but have not been paid, for the three years preceding the filing of this complaint through the final disposition of this matter. 29 U.S.C. § 216(b).

86.    Due to the willful and resulting bad faith nature of Republic's conduct, Plaintiffs and the Putative Class Members also seek to recover, as liquidated damages, an

amount equal to unpaid overtime wages for the period for which unpaid overtime damages are sought. 29 U.S.C. § 216(b).

### REPUBLIC'S CONDUCT IS WILLFUL

87.     Despite two prior Orders from the Western District of Texas – San Antonio Division that clearly explained to Republic that its pay plan(s) did not comply with the FLSA[1], Republic continues to not only willfully disregard the relevant pay provisions of the FLSA, but also the Orders from *Rodriguez* requiring them to pay Plaintiffs and the Putative Class Members time-and-one-half overtime pay for all hours worked over 40 hours per workweek.

88.     Republic knew or should have known that it was miscalculating Plaintiffs and the Putative Class Members' regular rates of pay and that the proper amount of overtime compensation was not being paid to Plaintiff and the Putative Class Members in violation of the FLSA.

89.     Republic knew or should have known that its failure to pay the correct amount of overtime to Plaintiffs and Putative Class Members would cause, did cause, and continues to cause financial injury to Plaintiffs and the Putative Class Members.

90.     Republic's actions therefore constitute willful violations under the FLSA and were not made in good faith.

---

[1] In *Rodriguez, et al. v. Republic Services, Inc, et al.,* Judge Xavier Rodriguez issued two Orders explaining that Republic's combination pay of day rates, incentive rates and hourly rates was not in compliance with the FLSA. Despite these clear directives from Judge Rodriguez, Republic made a business decision to only change those incentive pay plans that were identical to the incentive pay plans at issue in *Rodriguez.*

91.     Indeed, Republic is one of the largest waste disposal and recycling companies in the United States. It is a publicly traded company. Republic is a sophisticated business with the knowledge and expertise to know that the payment scheme used to compensate its waste disposal drivers was and continues to be impermissible under the FLSA.

92.     Given the willful and bad faith nature of Republic's conduct, Plaintiffs and the Putative Class Members request this Court permit recovery for any claims within the last three years through the final disposition of this matter, including liquidated damages, from the filing of this suit. 29 U.S.C. § 255(a).

## SIMILARITY OF PLAINTIFFS AND THE PUTATIVE CLASS MEMBERS

93.     With regard to the FLSA violations asserted in this complaint, Plaintiffs and the Putative Class Members' experiences are typical of all drivers in Republic's locations throughout the United States.

94.     Plaintiffs and the Putative Class Members throughout the United States are subjected to the same or similar Incentive Pay Plan schemes implemented by Republic.

95.     Plaintiffs and the Putative Class Members throughout the United States are similarly situated in the following respects: (1) job duties, (2) pay structure, (3) denial of the proper amount of overtime wages, (4) denial of compensation for overtime hours for work performed "off-the-clock", and (5) deduction of wages for meal period time despite working through these designated meal periods.

96.     Finally, a review of the pleadings, briefs and evidence filed by the parties in similar FLSA cases filed against Republic and its predecessor companies, Allied Waste and BFI, confirms that Republic's failure to properly calculate the regular rate for waste disposal drivers and pay the proper amount of overtime in accordance with the FLSA is not isolated to one or two cities (or states even), but rather, is Republic's nationwide practice (and problem). *See Rodriguez et al. v. Republic Services, Inc. et al.*, Civ. A. No. 5:13-cv-00020-XR (W.D. Tex. 2013)(Claim that combination pay scheme using day rates, incentive rates, and hourly rates was non-compliant with the FLSA resulting in a miscalculation of the regular rate and underpayment of overtime compensation.); *Serrano et al. v. Republic Services, Inc. et al.*, Civ. A. No. 2:14-cv-00077 (S.D. Tex. 2014) (Ramos, J.)(Claims for non-payment of "off-the-clock" work, wrongful deduction of 30 minutes per day for meal periods, and that combination pay schemes using day rates, incentive rates and hourly rates are non-compliant with the FLSA); *Williams v. BFI Waste Services, LLC et al.*, Civ. A. No. 3:16-cv-75-OPJ-FKB (S.D. Miss. 2016)(Claim that fixed base day rate plus incentive pay failed to compensate at proper hourly wage rate and overtime wage pursuant to the FLSA); *Peterson et al. v. Republic Services of Florida, L.P. et al.,* Civ. A. No. 08-60444-Civ-Hurley/Hopkins (S.D. Fla. 2008) )(Claim that automatic deductions of 30 minutes per day deprived Plaintiffs of their wages.); *Gordon v. Republic Services, Inc.,* Civ. A. No. 12-cv-81186-Dimitrouleas (S.D. Fla. 2012) )(Claims for non-payment of work through meal periods and other unpaid overtime hours.); *Jones et al. v. Republic Services, Inc.,* Civ. A. No. 0:14-cv-62943-WPD (S.D. Fla 2014)(Claim that Plaintiffs were not paid for lunch breaks on days when no qualifying

lunch break was taken); *Morris et al. v. Republic Services of Florida, LP,* Civ. A. No. 0:14-cv-62797-FAM (S.D. Fla 2014)(Claims for failure to pay overtime at the statutorily mandated rate of one and one-half times his regular rate of pay for hours worked over 40.); *Williams et al. v. BFI Waste Services, LLC d/b/a Republic Services,* Civ. A. No. 3:14cv14-CWR-LRA (S.D. Miss. 2014)(Claim that Defendant failed to ensure that Plaintiff was paid his complete wages, or to ensure Plaintiff was paid at least time and one-half his regular rate of pay, and claim that Defendant improperly deducted a thirty (30) minute meal break.); *McGhee et al. v. Allied Waste Industries, Inc., et al,* Civ. A. No. 1:07-cv-01110-DCN (N.D. Oh. 2007)(Claims that Defendant required Plaintiffs to work "off-the-clock", failed to pay Plaintiff for time spend donning and doffing uniforms and protective gear, and failed to provide Plaintiff with bona fide meal periods.); *Wilson et al. v. BFI Waste Services, LLC d/b/a Allied Waste Services of Jackson,* Civ. A. No. 3:07-cv-662 WHB-LRA (S.D. Miss. 2007)(Claims that Defendant failed to properly pay for donning and doffing at the beginning and end of each work day and claim that Defendant automatically deducted a thirty (30) minute lunch period from each day of Plaintiff despite the fact Plaintiff did not get a proper lunch break.); *Satchell v. Allied Waste Industries, Inc.,* Civ. A. No. 2:08-cv-00156-NVW (D. Az. 2008)(Claim that Defendant deducted one-half hour a day for lunch resulting in a failure to compensate Plaintiff at one and one half times his regular rate for all overtime hours.); *Tellez et al. v. Allied Waste Services of North America, LLC,* Civ. A. No. 08-20300-cv-Lenard-Torres (S.D. Fla. 2008)(Claim that Defendant failed to pay time and a half overtime for all overtime hours worked by Plaintiff because Defendant unilaterally deducted time from

1   Plaintiff's hours worked for a meal break each day regardless of whether Plaintiff

2   actually took a bona fide meal break.)

3                                          **ATTORNEYS' FEES**

4

5           97.     Plaintiffs and the Putative Class Members are entitled to recover their

6   reasonable attorneys' fees, costs and expenses of this action as provided by the FLSA. 29

7   U.S.C. § 216(b).

8

9                                       **PRAYER FOR RELIEF**

10          98.     Plaintiffs respectfully pray for judgment against Republic as follows:

11                  a.      For an Order recognizing this proceeding as a collective action

12   pursuant to Section 216(b) of the FLSA and requiring Republic to provide the names,

13
     addresses, e-mail addresses, telephone numbers, and social security numbers of all
14

15   putative collective action members;

16                  b.      For an Order approving the form and content of a notice to be sent to

17
     all putative collective action members advising them of the pendency of this litigation
18

19   and of their rights with respect thereto;

20                  c.      For an Order awarding Plaintiffs (and those who have joined in the

21
     suit) back wages that have been improperly withheld;
22

23                  d.      For an Order pursuant to Section 16(b) of the FLSA finding

24   Republic liable for unpaid back wages due to Plaintiffs (and those who have joined in the

25
     suit), and for liquidated damages equal in amount to the unpaid compensation found due
26

27   to Plaintiffs (and those who have joined in the suit);

28

                                                   21

1          e.      For an Order awarding Plaintiffs (and those who have joined in the

2   suit) the costs of this action;

3          f.      For an Order awarding Plaintiffs (and those who have joined in the

4

5   suit) attorneys' fees;

6          g.     For an Order awarding Plaintiffs service awards as permitted by law;

7          h.     For an Order compelling the accounting of the books and records of

8

9   Republic; and

10         i.      For an Order granting such other and further relief as may be

11  necessary and appropriate.

12

13  **DATED** this 16th day of August, 2016.

14

15                        MUSHKATEL, ROBBINS & BECKER, P.L.L.C.

16

17                By:   *s/ Zachary Mushkatel*

18                      Zachary Mushkatel

19                      15249 North 99th Avenue

20                      Sun City, Arizona 85351

                    Attorney for Plaintiffs and the Putative Class

                    Members

21

22

23

24

25

26

27

28